Filed 7/18/25  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085201 |
| v. | (Super.Ct.No. INF065737) |
| RUDY GONZALEZ RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Melissa Hale, Judge.

Affirmed.

Rudy Gonzalez Rodriguez, in pro. per.; Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance by Plaintiff and Respondent.

1

A jury found defendant and appellant Rudy Gonzalez Rodriguez guilty of robbery (Pen. Code[1], § 211) and personally inflicting great bodily injury (GBI) in the commission of the crime (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)). In a bifurcated proceeding, the trial court found true that defendant had sustained five prior prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)(1)). The court sentenced him to 25 years to life in state prison for the robbery, plus three years on the GBI enhancement and one year on each of the five prison priors.

The parties subsequently stipulated to defendant being resentencing pursuant to section 1172.75. The court vacated the previous sentence and ordered the five prison priors to be stricken. It sentenced defendant to 25 years to life plus three years and set the matter for further proceedings.

Defendant filed a resentencing brief, arguing that he was entitled to a full resentencing and that his prior strikes should be stricken pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court held a hearing and denied defendant's request.

Defendant filed a timely notice of appeal. We affirm.

PROCEDURAL BACKGROUND

On April 15, 2010, defendant was charged by information with robbery (§ 211, count 1) and receiving stolen property (§ 496, subd. (a), count 2). It was alleged as to

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

2

count 2 that defendant personally inflicted GBI. (§§12022.7, subd. (a) & 1192.7, subd, (c)(8).) It was also alleged that defendant suffered six prison priors (§ 667.5, subd. (b)); and two strike priors. (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1).)

On October 4, 2010, a jury convicted defendant of count one and personally inflicting GBI.[2] In a bifurcated proceeding, the trial court found that he had suffered five prison priors and two strike priors. (§§ 667.5, subd. (b), 667, subds. (c) & (e)(1) & 1170.12, subd. (c)(1).); see *People v. Rodriguez* (Oct. 31, 2011, E052013) [nonpub, opn.].) The court sentenced defendant to 25 years to life on count 1, plus a consecutive three years on the GBI enhancement and one year on each of the five prison priors.

On September 29, 2023, the parties stipulated to defendant being resentenced and the court striking his prison priors as legally invalid, under section 1172.75. The court granted a full resentencing, and apparently did it in two parts. As stipulated, the court vacated the previous sentence, ordered the five prison priors to be stricken, and sentenced defendant to 25 years to life plus three years. It then set the matter for further proceedings.

Defendant filed a resentencing brief, requesting that his prior strikes be stricken pursuant to *Romero*, *supra*, 13 Cal.4th 497. He contended the court should consider his disciplinary record, record of rehabilitation, age, and his positive attitude and willingness

---

[2] We note that the information contained in the appellate record shows the GBI enhancement was alleged as to count 2. However, the record reflects the court sentenced him on the GBI enhancement as to count 1. Thus, it appears that the allegations were amended at some point, and the jury found true the GBI allegation as to count 1.

to take responsibility for his actions.  The court held a hearing on October 23, 2024, and found that, in view of the facts and circumstances of the case and defendant's criminal history, defendant came within the Three Strikes law.  The court thus declined defendant's request to dismiss his prior strikes and ordered that the sentence of 25 years to life plus three years remain.

### DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue:  whether the court erred by failing to dismiss defendant's prior strikes.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done.  He asks this court to reconsider his request to dismiss his prior strikes, since they were based on non-violent offenses.  Defendant further contends that he is incarcerated because of his drug abuse, but he has not been involved in any drug activity in prison, he has completed many programs in prison, and he has been rehabilitated.

The court found true that defendant had prior strike convictions for burglaries (§ 459) he committed in 1984 and1993.  The offense of burglary is a serious felony conviction within the meaning of the Three Strikes law.  (§§ 667, subd. (c), (d)(1) & (e) and 1170.12, subd. (c)(1) & (d)(1).)  Furthermore, defendant has an extensive criminal history dating back to 1983, which includes eight felonies, multiple prison sentences, and

4

multiple violations of parole. We cannot say the court abused its discretion in declining to dismiss defendant's prior strikes. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 377-378.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

5